IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICK L. BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01246-SHM-cgc |
| | ) | |
| DYERSBURG, TENNESSEE, DYER | ) | |
| COUNTY SHERIFF'S OFFICE, ALAN | ) | |
| BARGERY, FNU CAMPBELL, PAUL | ) | |
| FORESTER, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Patrick L. Bumpus ("Bumpus") brings this action under 42 U.S.C. § 1983. Bumpus' claims arise from events that occurred at the Dyer County Jail in Dyersburg, Tennessee. On September 10, 2019, the Court dismissed most of Bumpus' claims, but allowed First Amendment Free Exercise and Establishment Clause claims to proceed against Defendant Paul Forster ("Forster") and a Fourteenth Amendment Equal Protection Clause claim to proceed against Defendant Charles Campbell ("Campbell") (collectively, "Defendants"). (D.E. 23.) There are four motions before the Court: 1) Bumpus' Motion to Compel a Response to Plaintiff's Second Set of Requests for Production (D.E. 68)("Motion to Compel"); 2) Bumpus' Motion for Extension of Time to File a Reply (D.E. 67)("Motion for Extension of Time"); 3)

Bumpus' Motion to Supplement the Plaintiff's Pleadings in Response to the Defendant's Motion for Summary Judgment (D.E. 69)("Motion to Supplement"); and 4) Defendants' Motion for Summary Judgment (D.E. 55).

## I.   Motion to Compel

On December 12, 2019, the Court entered a Pro Se Prisoner Track Scheduling Order. (D.E. 33.) The Scheduling Order set an April 6, 2020 discovery deadline. (D.E. 33.) Bumpus propounded a First Set of Requests for Production on December 23, 2019. (D.E. 50-1.) He propounded a Second Set of Requests for Production on January 8, 2021, nine months after the discovery deadline. (D.E. 68-1.) The Second Set of Requests seeks 1) copies of all grievances that Bumpus filed while at Dyer County Jail, 2) a list of Islamic groups from whom Forster tried to obtain religious materials and services for inmates at Dyer County Jail, and 3) copies of correspondence that Forster had with the Islamic groups on the list. (D.E 68-1.) Bumpus seeks copies of his grievances to prove a retaliation claim that the Court dismissed in its September 10, 2019 Order. (D.E. 68, 508.) Bumpus seeks information about the Islamic groups that Forster contacted so that Bumpus can respond to arguments raised in Defendants' Motion for Summary Judgment. (D.E. 68, 509.) Defendants objected to the Second Set of Requests as untimely. (D.E. 68-2.) On January 29, 2021, Bumpus filed his Motion to Compel. (D.E. 68)

2

The Motion to Compel can be understood as a request to reopen discovery. Courts consider five factors when determining whether to reopen discovery: (1) whether the movant has demonstrated good cause for reopening discovery; (2) whether the need for additional discovery was precipitated by the neglect of the movant or by the party opposing the motion to reopen; (3) the specificity of the sought discovery; (4) the relevance of the sought discovery; and (5) whether the party opposing the motion to reopen discovery will be prejudiced. See FedEx Corp. v. U.S., No. 08-2423, 2011 WL 2023297, at *3 (W.D. Tenn. March 28, 2011)(collecting cases). The burden is on the moving party to justify reopening discovery. See W. Am. Ins. Co. v. Potts, 908 F.2d 974 (6th Cir. 1990).

Bumpus has failed to establish good cause for reopening discovery. In its September 10, 2019 Order, the Court explained that Bumpus' retaliation claim failed on the elements of adverse action and causation. (D.E. 23, 167—68.) Bumpus does not explain how the sought grievances will help him establish those missing elements. There is no indication that Defendants kept a list of contacted Islamic groups. Bumpus' request for that information is futile.

Any need for additional discovery is precipitated, in significant part, by Bumpus' neglect. Bumpus does not explain why he failed to include a request for copies of his grievances

3

in the First Set of Requests for Production. Bumpus has taken no depositions in this case. If Bumpus had deposed Forster, Bumpus could have obtained any information on contacted Islamic groups. Bumpus claims that he was hospitalized with COVID-19 from March 2020 through June 2020 and was not able to "mentally labor" until November 2020.[1] However, Bumpus had adequate time to conduct discovery before his illness.

Bumpus' request for information on contacted Islamic groups appears specific and relevant. His request for filed grievances is neither specific nor relevant. Reopening discovery would prejudice Defendants. Defendants filed a Motion for Summary Judgment on May 5, 2020. (D.E. 55.) Bumpus filed a Response on November 30, 2020, and Defendants filed a Reply on December 7, 2020. (D.E. 65; 66.) Allowing Bumpus to reopen discovery would be costly, time-consuming, and unfair. See Williams v. Defs. Inc., No. 2:19-CV-02567, 2021 WL 4896581, at *5 (W.D. Tenn. Oct. 20, 2021)(denying plaintiff's motion to reopen discovery where defendant believed discovery was complete and had moved for summary judgment). After considering the factors identified in Fedex, the Court declines to reopen discovery.

In the alternative, the Motion to Compel can be understood as a motion under Federal Rule of Civil Procedure 56(d). Rule

---

[1] Bumpus filed motions in this case on June 12, 2020, October 29, 2020, and October 30, 2020. (D.E. 56; 57; 62; 63.)

56(d) provides an appropriate avenue for a party to move for additional discovery to respond to an opposing party's motion for summary judgment. The rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may:
>
> > (1)  defer considering the motion or deny it;
> >
> > (2)  allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3)  issue any other appropriate order.

Fed. R. Civ. P. 56(d). When the Sixth Circuit reviews a district court's ruling on a Rule 56(d) motion it considers five factors:

> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

Doe v. City of Memphis, 928 F.3d 481, 491 (6th Cir. 2019.) The Sixth Circuit has suggested that a district court consider those factors when deciding a Rule 56(d) motion. See id.

Bumpus did not include an affidavit or declaration with his Motion to Compel to explain why additional discovery is essential. See Scadden v. Werner, 677 F. App'x 996, 1000 (6th Cir. 2017) (noting that failure to comply with the requirements of Rule 56(d) is sufficient reason to deny further discovery).

The <u>Doe</u> factors also weigh against additional discovery. Although some of Bumpus' discovery requests relate to arguments first raised in Defendants' Motion for Summary Judgment, Bumpus would have been aware of those arguments if he had conducted adequate discovery during the discovery period. It is unlikely that obtaining additional documents will change the outcome of this case. Bumpus had adequate time to conduct discovery. Defendants were responsive throughout the discovery period. Any need for additional discovery is due, in significant part, because Bumpus was dilatory.

The Motion to Compel is **DENIED.**

## II.  Motion for Extension of Time

Under the Local Rules for the Western District of Tennessee, within seven days of service of a summary judgment reply memorandum, an opposing party may file a sur-reply that responds only to evidentiary objections raised in the reply memorandum. L.R. 56.1(e). Bumpus' sur-reply to the Motion for Summary Judgment was due on December 14, 2020. On January 12, 2021, Bumpus filed his Motion for Extension of Time. (D.E. 67.) Bumpus asserts that "COVID-19 issues within Trousdale Turner Correctional Facility . . . affected [his] ability to respond timely [to Defendants' Reply]." (D.E. 67.)

Federal Rule of Civil Procedure 6(b) governs the extension of filing deadlines. Under Rule 6(b), "[w]hen an act may or must

be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). To determine whether a failure to act was the result of excusable neglect, courts consider five factors:

> (1) the danger of prejudice to the non[filing] party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the [filing] party, and (5) whether the late-filing party acted in good faith.

Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir.2006) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The Court declines to extend the time to file a sur-reply. This case is more than three years old. Defendants' Motion for Summary Judgment has been pending for more than a year. Any further delay would prejudice Defendants. Bumpus' delay was significant. The Motion for Extension of Time was filed nearly a month after the sur-reply deadline. In the Motion, Bumpus does not explain how "COVID-19 issues" affected his ability to meet the sur-reply deadline. Because of Bumpus' failure, the Court is unable to assess the reasons for the delay, whether the delay was reasonable, whether the delay was within Bumpus' reasonable

control, and whether Bumpus acted in good faith. The Motion for Extension of Time is **DENIED.**

## III. Motion to Supplement

On February 3, 2021, Bumpus filed a Motion to Supplement the Plaintiff's Pleadings in Response to the Defendant's Motion for Summary Judgment. (D.E. 69)("Motion to Supplement"). Bumpus' original opposition to Defendant's Motion for Summary Judgment did not respond to the facts set out in Defendants' Statement of Undisputed Material Facts ("SUMF") as required under the Local Rules for the Western District of Tennessee. (D.E. 65.) The Motion to Supplement seeks to correct that procedural error. (D.E. 69.) The Motion does not raise new arguments or introduce new evidence. The Motion to Supplement is **GRANTED.** The Court will consider Bumpus' responses to Defendants' SUMF.

## IV.  Motion for Summary Judgment

### A. Background

#### 1.    Forster

Bumpus brings First Amendment Free Exercise and Establishment Clause claims against Forster. Forster was the Program Coordinator at Dyer County Jail. Bumpus alleges that Forster sought to "Christianize" inmates by offering only Christian-based programs and materials. Bumpus alleges that Forster denied Bumpus any opportunity to practice Islam.

Forster seeks summary judgment on both claims. Forster states that, as program coordinator for Dyer County Jail, he does not sponsor religious programs or services and does not purchase religious materials for inmates. (D.E. 55-2 at ¶¶ 4, 5.) Although it is common for Christian groups to donate religious texts and conduct religious services at the Jail, Forster does not prohibit Islamic groups from doing so. (D.E. 55-2 at ¶¶ 8—11.) Since 2008, no Islamic group has been willing to donate Korans or perform religious services at the Jail. Forster has attempted to identify an Islamic group that would provide religious materials and services, but has been unsuccessful. (D.E. 55-2 at ¶ 24.) Anytime an inmate requests a Koran, Forster provides the inmate with the contact information for an Islamic group that will typically send a Koran on request. (D.E. 55-2 at ¶ 12.) Forster and the Dyer County Jail allow inmates to possess Korans and prayer rugs, meet with Islamic leaders, correspond with members of an inmate's faith, and set up telephone calls with members of the Islamic faith. (D.E. 55-2 at ¶¶ 13—16.) At no time did Forster forbid Bumpus to possess a Koran or prayer rug or forbid Bumpus from meeting with Islamic leaders or from communicating with them by telephone or mail. (D.E. 55-2 at ¶¶ 28, 32—34.) An inmate's participation in religious services or classes hosted at the Jail is voluntary. (D.E. 55-2 at ¶¶ 18—20.) Forster requires prospective religious

volunteers to agree to certain rules and regulations before allowing them to conduct religious services or classes in the Dyer County Jail. (D.E. 55-2 at ¶ 21.) Volunteers may not force or attempt to force an inmate to participate in any religious service or class. (D.E. 55-2 at ¶ 21.)

Bumpus denies many of Forster's declarations. To support those denials, Bumpus provides affidavits from Charles Butler and Antonio Higgins, inmates at the Dyer County Jail. (D.E. 65-1.) The affidavits state only that Forster "restricts the jail inmates from practicing any faith outside Christianity, especially Islam." (D.E. 65-3; D.E. 69-3.) Bumpus provides copies of his prison grievances, which repeat his First Amendment claims in general terms. (D.E. 65-2; D.E. 69-1.) He cites the Statement of Facts from his Amended Complaint. (D.E. 69; D.E. 16.) Bumpus also quotes a portion of Forster's declaration that states, "During the times that I am not working for the Dyer County Jail, I have participated as a volunteer with some Christian Groups and have participated as a volunteer in some religious services at the jail." (D.E. 69, 534; D.E. 55-4 at ¶ 18.)

### 2. Campbell

During his incarceration, Bumpus worked on the Dyer County Jail inmate litter crew. Bumpus alleges that Campbell, the litter crew supervisor, discriminated against Bumpus because of Bumpus' race and treated him differently than a white inmate, Inmate

Holland, who was also on the litter crew. Bumpus alleges that on one occasion Campbell ordered Bumpus to pick up trash from a ditch infested with ticks and containing a dead deer, but that Campbell did not require Holland to work in the ditch. Bumpus alleges that Campbell discriminated against Bumpus when Campbell removed Bumpus from the litter crew and replaced him with a white inmate.

Campbell seeks summary judgment on Bumpus' Fourteenth Amendment Equal Protection Clause claim. Campbell states that he did not discriminate against Bumpus because of his race. (D.E. 55-2 at ¶ 60.) Due to the nature of working in an outdoor environment, all inmates on the litter crew were at times exposed to dead animals, roadkill, bugs, ticks, pests, and other vermin. (D.E. 55-2 at ¶ 45, 46.) During his time working on the inmate litter crew, Bumpus often complained and displayed an unwillingness to work. (D.E. 55-2 at ¶¶ 50, 51.) On multiple occasions, Campbell warned Bumpus that if Bumpus continued to display an uncooperative attitude, Campbell would remove Bumpus from the litter crew. (D.E. 55-2 at ¶ 52.) On May 31, 2018, Bumpus refused to perform assigned work. (D.E. 55-2 at ¶ 56.) Campbell removed Bumpus from the inmate litter crew because Bumpus' obstinate attitude had become a common occurrence. (D.E. 55-2 at ¶ 57.) After removing Bumpus, Campbell was not involved in choosing an inmate to replace Bumpus. (D.E. 55-2 at ¶ 59.)

Bumpus denies many of Campbell's declarations. To support those denials, Bumpus cites the Butler and Higgins affidavits. Both affidavits state, "I personally can affirm to the racial discriminatory ways of litter crew supervisor Campbell . . . ." (D.E. 65-3.) Bumpus cites video evidence that Bumpus says shows him working diligently at his litter crew position. (D.E. 65-5.) The video evidence is not in the record. Bumpus cites the Statement of Facts from his Amended Complaint. (D.E. 16.) Bumpus also provides a copy of a letter from Alan Bargery, Dyer County Jail Administrator, which shows that Bumpus and Bargery met to discuss Bumpus' complaints against Campbell. (D.E. 65-4.) The letter does not provide details of any events that underlie Bumpus' Fourteenth Amendment Equal Protection Clause claim. (D.E. 65-4.)

### B. Standard of Review

Under Federal Rule of Civil Procedure 56(a), a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for her.'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015)(en banc)(quoting Chappell v. City of Cleveland, 585 F.3d 901, 913 (6th Cir. 2009)). "Evidence submitted in opposition to a motion for summary judgment must be admissible." M.J. by & through S.J. v. Akron City Sch. Dist. Bd. of Educ., 1 F.4th 436, 446 (6th Cir. 2021). "[A] form affidavit that fails to explain how an unsupported conclusion was reached . . . can fail to constitute competent evidence establishing a genuine issue of material fact." Gardner v. Evans, 920 F.3d 1038, 1055 (6th Cir. 2019). Allegations or denials in unverified pleadings do not satisfy the plaintiff's burden on summary judgment. See King v. Harwood, 852 F.3d 568, 578 (6th Cir. 2017).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

13

### C. Analysis

#### 1.   Administrative Exhaustion

In their Motion for Summary Judgment, Defendants argue that the Court should dismiss Bumpus' claims because Bumpus failed to exhaust administrative remedies at the Dyer County Jail. Defendants assert that Bumpus did not properly appeal his grievance against Campbell. They assert that there is no evidence that Bumpus filed a grievance against Forster.

The Prison Litigation Reform Act ("PLRA") requires inmate plaintiffs to exhaust their administrative remedies before suing under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). That exhaustion requirement applies to all lawsuits "brought with respect to prison conditions," regardless of the claim or the relief sought. Porter v. Nussle, 534 U.S. 516, 524 (2002) (quoting 42 U.S.C. § 1997e(a)). An inmate cannot bring unexhausted claims into court. Jones v. Bock, 549 U.S. 199, 211 (2007). "[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." Napier v. Laurel Cnty., Ky., 636 F.3d 218, 225 (6th Cir. 2011). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." Risher v. Lappin, 639 F.3d 236, 240 (6th Cir. 2011)(quoting Fed. R. Civ. P. 56(a)).

The PLRA requires "proper exhaustion," which means that the inmate must comply with the prison's procedural rules to satisfy the exhaustion requirement. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). The prison grievance process sets those procedural rules for making a claim, not by the PLRA. Jones, 549 U.S. at 218. Exhaustion of administrative remedies under the PLRA requires a prisoner to see the grievance process through to completion, appealing denials as permitted and participating in offered hearings. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford, 548 U.S. 81. Administrative remedies are exhausted when prison officials fail to respond to a properly filed grievance. See Boyd v. Corr. Corp. of Am., 380 F.3d 989, 996 (6th Cir. 2004).

Under the Dyer County Jail grievance policy, a grievance must be filed within seven (7) days of the event or disputed action. (D.E. 55-5 at ¶ 7.) A grievance may address only one topic. (D.E. 55-5 at ¶ 8.) Once a grievance form is completed, it is forwarded to the Jail Administrator for review. Typically, the Jail Administrator provides a response to the grievance within fourteen (14) days of receipt. (D.E. 55-5 at ¶ 9.) After receiving a "written response" to the grievance, an inmate may appeal the response within seven (7) days. (D.E. 55-5 at ¶ 10.)

It is undisputed that Bumpus filed a grievance against Campbell. Bargery responded to Bumpus' grievance in a meeting

with Bumpus. Bumpus did not appeal Bargery's response. Defendants argue that Bumpus failed to exhaust administrative remedies because he did not comply with the seven (7) day appeal deadline.

Bumpus exhausted his administrative remedies on his claim against Campbell. Under the Dyer County Jail grievance policy, the seven (7) day appeal deadline is triggered once the Jail Administrator provides a written response to a grievance. Bargery never provided a written response to Bumpus' grievance against Campbell. On this record, Bumpus was not subject to the seven (7) day appeal deadline. The parties have not presented evidence on the proper procedure for appealing an in-person grievance response.

Defendants have established that Bumpus failed to exhaust his administrative remedies on his claims against Forster. Defendants' initial Requests for Production sought "copies of any and all documents or grievances relative to any of the allegations contained in your Complaint completed by you and given to any agent of Dyer County." (D.E. 66-1, 492.) Bumpus responded that "no documents will be used at this point of time . . . . Plaintiff is waiting on appointment of counsel so that needed documents may be collected; due to the plaintiff's incarceration plaintiff is unable to collect documents . . . ." (D.E. 66-1, 498.) In their Motion for Summary Judgment,

Defendants include an affidavit from Jail Administrator Bargery. The affidavit states:

> Based upon my review of his records and to the best of my knowledge and recollection, at no time did Plaintiff ever submit a grievance to me concerning a complaint that he was not being allowed to practice his religion while he was incarcerated in the Dyer County Jail. Further, based upon my review of his records to the best of my knowledge and recollection, at no time did Plaintiff ever submit a grievance to me concerning any complaint he had with Paul Forster.

(D.E. 55-5 at ¶ 16.) In his opposition to the Motion for Summary Judgment, Bumpus includes copies of grievances that Bumpus allegedly filed against Forster. (D.E. 65-1; D.E. 69-1.)

Under Federal Rule of Civil Procedure 26(e), a party who has responded to a request for production must supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to provide information as required by Rule 26(e), the party is not allowed to use that information to supply evidence on a motion, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the potentially sanctioned party to show that the failure to provide information was justified or

harmless. <u>See</u> <u>R.C. Olmstead, Inc. v. CU Interface, LLC</u>, 606 F.3d 262, 270 (6th Cir. 2010).

The Court will not consider the Forster grievances that Bumpus includes with his opposition to the Motion for Summary Judgment. The Forster grievances were responsive to Defendants' Requests for Production. Bumpus never supplemented his response to Defendants' Requests for Production and did not otherwise identify the Forster grievances to the Defendants. He has not established that the failure to identify the Forster grievances was justified or harmless. Bumpus does not explain why he needed an attorney to collect relevant documents. Bumpus had access to any allegedly filed grievances. He included copies of grievances and letters to prison officials with the Amended Complaint. (D.E. 16.) Bumpus' failure to supplement his discovery responses was not harmless. Defendants relied on Bumpus' discovery responses in their Motion for Summary Judgment.

The only evidence in the summary judgment record related to Bumpus' exhaustion of his claims against Forster is Bargery's affidavit. The affidavit states that Bumpus' records do not show any filed grievance against Forster and that Bargery is not aware of any such grievance. Bumpus failed to exhaust administrative remedies on his claims against Forster.

### 2.   Genuine Dispute for Trial

Faced with the Defendants' well-supported Motion for Summary Judgment, Bumpus has failed to set forth specific facts showing a genuine dispute for trial. Bumpus relies on the Butler and Higgins affidavits. Those affidavits contain only unsupported conclusions and do not create a genuine issue of material fact. See Gardner, 920 F.3d at 1055. Bumpus cites factual allegations from his unverified Amended Complaint. Those factual allegations do not satisfy Bumpus' burden at the summary judgment stage. See King, 852 F.3d at 578 (6th Cir. 2017). Because Bumpus did not produce the Forster grievances during discovery and because they are not evidence of the facts stated in them,[2] those grievances do not create a genuine dispute for trial. See Akron, 1 F.4th at 446. Forster's statement that he "volunteer[ed] in some religious services at the jail" does not establish a violation of Bumpus' rights under the First Amendment Free Exercise or Establishment Clause. Forster's statement does not show that Bumpus was denied reasonable opportunities to practice his religion or was forced to participate in religious

---

[2] Prison grievances are not admissible evidence of underlying facts. See Brown v. Davis, No. 1:18-CV-1362, 2020 WL 6597344, at *6 n.4 (W.D. Mich. Feb. 12, 2020) (finding that prison grievances constitute hearsay), report and recommendation adopted, No. 1:18-CV-1362, 2020 WL 5228987 (W.D. Mich. Sept. 2, 2020).

exercise. See Hudson v. Palmer, 468 U.S. 517, 523 (1984); Lee v. Weisman, 505 U.S. 577, 587 (1992).

* * * * *

Bumpus did not exhaust his administrative remedies on his claims against Forster. Bumpus has not set forth specific, material facts showing a genuine dispute for trial on his claims against Forster and Campbell. Defendants' Motion for Summary Judgment is **GRANTED.**

## V.   Appellate Issues

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Bumpus would be taken in good faith. See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Under Rule 24(a), if the district court permits a party to proceed in forma pauperis, that party may also proceed on appeal in forma pauperis without further authorization. There is an exception when the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P. 24(a)(3)(A). If the district court denies pauper status, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5). The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant

seeks appellate review of any issue that is not frivolous. Id. For the same reasons the Court granted Defendants' Motion for Summary Judgment, the Court finds that an appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal by Bumpus would not be taken in good faith. The Court **DENIES** leave to proceed on appeal in forma pauperis. If Bumpus appeals, he must pay the full $505 appellate filing fee or move for leave to appeal in forma pauperis with a supporting affidavit in the Sixth Circuit. See Fed. R. App. P. 24(a)(5).

## VI.  Conclusion

The Motion to Compel is **DENIED**. The Motion for Extension of Time is **DENIED**. The Motion to Supplement is **GRANTED**. The Motion for Summary Judgment is **GRANTED**.  It is **CERTIFIED** that an appeal by Bumpus would not be taken in good faith. The Court **DENIES** leave to proceed in forma pauperis on appeal.

SO ORDERED this 11th day of February, 2022.


/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE